THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
CLARENCE STONER, Appellant.

County Court, Chenango County, November 7, 1938.

*Lynn N. Peterson,* for·the appellant.

*Lester R. Mosher, District Attorney,* for the respondent.

BROWN, J.   The defendant has been convicted in the City Court
of Norwich for violation of subdivision 1 of section 83 of the Vehicle
and Traffic Law.   This section provides for the giving of a signal
by the driver of a motor vehicle when turning from one street or
roadway into another.   The defendant pleaded guilty to the charge
and was fined by the city judge the sum of two dollars.   The defend-
ant has appealed to this court and, in the affidavit upon which the
appeal was allowed, assigned as grounds for relief the failure of the
city judge to inform the defendant of his rights at the time of his

appearance in the City Court and prior to the entry of a plea of guilty and, upon the argument of the appeal, raised the question that the city judge omitted to comply with section 335-a of the Code of Criminal Procedure, as added by Laws of 1937, chapter 124. This section reads as follows: " The magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, and before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, must inform the defendant that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may be suspended or revoked."

On the first reading of this provision, the impression might obtain that the magistrate is required in all cases of violation of the Vehicle and Traffic Law to inform a person entering a plea of guilty prior to the making of same that his license to drive a motor vehicle or, in the case of an owner, the certificate of registration of his motor vehicle may be suspended or revoked. As presented in this case the question is, does the section apply to those cases where the exercise of the power of suspension or revocation is mandatory or discretionary? Section 71 of the Vehicle and Traffic Law, under subdivision 2 thereof, designates the instances in which suspensions and revocations are mandatory, and subdivision 3 of the section lists those cases in which the suspension or revocation may be exercised in the discretion of the magistrate. A violation of section 83 of the Vehicle and Traffic Law is not one of the infractions of the act mentioned in either subdivision 2 or 3 of section 71.

The penalty for a violation of section 83 of the act is found in section 91 thereof. It is to be observed that the penalties prescribed in this section relate to the provisions found in article 6 (§ 80 *et seq.*) only. While the wording of section 335-a requires the magistrate before whom a person charged with a violation of the Vehicle and Traffic Law is brought and before accepting a plea of guilty or entering a judgment of conviction to inform the defendant that, upon conviction, his license to drive a motor vehicle may be suspended or, in case of an owner, his certificate of registration revoked and makes no exception in those cases where no authority is given for such suspension or revocation, it is apparent it was not the intention of the Legislature in enacting the section to require a magistrate to give a person such information unless the offense with which he was charged was of such a nature that on conviction his license might be suspended or, if an owner, his certificate of registration revoked.

In the instant case the magistrate could not properly inform the defendant that, on conviction, his license might be suspended or his certificate of registration revoked because he had no power to suspend the license or revoke the certificate for an infraction of the regulation found in section 83 of the Vehicle and Traffic Law. To have given the defendant the information mentioned in section 335-a would not only have been an idle gesture but a misstatement of the application of that section. In my opinion, section 335-a does not apply in the case of a violation of said section 83.

Judgment of the City Court affirmed.